# Charles Law, Appellant, *v.* James H. Billington.

*Contract—Commissions on sales—Employer and employee.*

Where a person in pursuance of an agreement procures purchasers in consideration of a certain commission upon the price of all articles sold to such purchasers, he is entitled to such commissions on sales made after a breach of the contract by his employer, until he commits some overt act in the interest of another employer for the purpose of taking from his former employer the customers whom he had obtained for him.

Argued Jan. 14, 1897. Appeal, No. 434, April T., 1896, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1894, No. 624, on verdict for plaintiff for less than he claimed. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover commissions on sales.    Before Gordon, J.

At the trial it appeared that in 1890, plaintiff agreed to procure purchasers for a patented article known as the " Globe Packing " owned by the defendant.    He was to receive as compensation commissions on all sales to such purchasers as he should procure.    He procured as purchasers the Philadelphia, Reading Coal & Iron Company and the Delaware, Lackawanna & Western Railway Company.    In October, 1891, the defendant repudiated the contract.    The plaintiff testified that at the interview between himself and the defendant he said, " Well, Mr. Billington, I worked very hard to get this business for you, but will work twice as hard to get it away from you," and he admitted that some three months afterwards he endeavored to have another packing used in the collieries of these companies, to the exclusion of the " Globe Packing."

When the defendant was on the stand, having been called by the plaintiff as for cross-examination, he was asked to state any entries that he had on his books showing sales to the Philadelphia, Reading Coal & Iron Company for January, 1892.    This was objected to.

The Court: I agree in part with both counsel in this case. The contract declared upon, and for the breach of which damage is sought, was a contract which the plaintiff alleges was executed, so far as he was concerned, by the procurement of certain purchasers.    His compensation, as he alleges, to be a certain percentage upon all sales that should result after he had procured the purchasers.    Now, if the plaintiff's testimony is to be credited, and for the purpose of this argument it must be, there was a breach of that contract upon the part of this defendant in October, 1891, a breach for which the defendant is alone to blame.    When that breach occurred, therefore, this plaintiff had two avenues open to him.    He could have remained still and sued for his compensation as it became due, or he might have himself become the agent of another employer and have endeavored to undo that which he had done, and which was beneficial to the plaintiff.    It appears from his own testimony that he declared at the time of this alleged breach with the defendant, that he would work as diligently to prevent sales as he had to procure them.    In other words, that he would proceed

to undo that which he had already done. I agree with counsel for the defendant that the moment he undertook to do that he terminated all right to any future damages because of the breach by the defendant—if he committed a breach—but the mere utterance of the words, unless accompanied by acts, would not operate to estop him from obtaining damages which were the result of the breach by the defendant. He said on the stand that it was three months after the alleged breach before he commenced to introduce another article, and displace the article which he had introduced for the benefit of the defendant. I therefore rule that up to that time he would be entitled to his commission for sales which were the result of his endeavors, but that from the time he did anything to prevent those sales, or introduced another article, from that moment his right to damages ceased. I say, therefore, that I am with both gentlemen in part.

I will therefore rule that there can be no recovery for any sales after three months from the date of the breach. [1]

A similar ruling was made as to entries of sales made to the Delaware, Lackawanna & Western Railway Company. [2]

Verdict and judgment for plaintiff for $173.88. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, but not quoting the bill of exceptions.

*D. Webster Dougherty*, for appellant, cited: Story on Agency, sec. 329; Prickett v. Badger, 1 C. B. N. S. 296; Lockwood v. Levick, 8 C. B. N. S. 603; Keys v. Johnson, 68 Pa. 44; Clapp v. Hughes, 1 Phila. 382; Edwards v. Goldsmith, 16 Pa. 50.

*Amos Briggs*, for appellee, was not heard, but cited in his printed brief: Rice v. Davis, 136 Pa. 439; Cannell v. Smith, 142 Pa. 25.

PER CURIAM, January 25, 1897:

Neither of the specifications of error in this case requires discussion. The court below was clearly right in refusing to permit the witness on the stand to answer the questions recited in said specifications respectively.

Judgment affirmed.