## Abraham v. Worthington, Appellant.

*Principal and agent—Real estate agents—Commissions of rents collected—Contract—Affidavit of defense.*

In an action against real estate agents to recover rents collected by them after alleged revocation of the agency, where the statement of claim avers that the defendant's full compensation was to be a commission of five per centum on all rents collected by them up to such time as the plaintiffs might elect to terminate the agency, an affidavit of defense is sufficient which avers that defendants were to receive five per centum upon the rents during the entire period of the leases which they procured and that they were to advertise for tenants and that they did so with the consent and approbation of the plaintiffs, and that the amounts which they had received in commissions up to the date of attempted revocation was much less than the amount which they had expended in reasonable advertising and that in consequence of such expenditures a reasonable time for the existence of the employment had not elapsed on the date of the attempted revocation.

Argued April 14, 1910. Appeal, No. 45, April T., 1910, by defendants, from order of C. P. No. 3, Allegheny Co., Aug. T., 1908, No. 384, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Caroline M. Abraham and Lillian Balsinger v. Harvey R. Worthington and W. Harry Evans, trading as Harvey R.

Worthington & Company.  Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ.  Reversed.

Assumpsit to recover rentals collected by real estate agents.

The facts are stated in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Thomas Watson,* with him *George R. Wallace,* for appellants.—When commissions upon moneys paid under leases are the agent's only compensation for getting such leases, the principal cannot by revoking the agency deprive the agent of commissions upon the future payments accruing under leases put in force by the agent before the revocation: Urquhart v. Mortgage Co., 85 Minn. 69 (88 N. W. Repr. 264); Law v. Billington, 180 Pa. 84.

The principal, after the revocation of the agent's authority, is liable to the agent upon a quantum meruit, for moneys, labors and time which the agent has been encouraged to spend and devote in procuring such leases: Blackstone v. Buttermore, 53 Pa. 266; Royal Remedy, etc., Co. v. Gregory Grocer Co., 90 Mo. App. 53; Lanusse v. Pimpienella, 4 Mart. (N. S.) 439; Gillett v. Corwum, 7 Kan. 156.

*Allen H. Kerr,* with him *Gray, Thompson & Rose,* for appellees, cited: Coffin v. Landis, 46 Pa. 426.

The court rightly gave judgment for the full amount of plaintiff's claim: Savings Assn. v. Morrison, 1 W. N. C. 282.

There can be no recovery on a quantum meruit when the contract specifies the whole compensation for the work done and services performed.

OPINION BY MORRISON, J., July 20, 1910:

The judgment in this case was entered for want of a sufficient affidavit of defense and the defendants appealed. A careful examination of the declaration, the affidavit and supplemental affidavit of defense, the opinion of the court and the arguments of the respective counsel, leave us with a strong conviction that the learned court erred in making absolute the rule for judgment. In our opinion, the case ought to go to a jury.

The judgment granted was for $350, with interest thereon, for money collected by the defendants as commission on rents, although the money was actually received after the plaintiffs gave notice on June 3, 1907, of the discharge of the defendants as their agents for the collection of rents. The declaration avers that the defendants were employed by the plaintiffs for some time previous to June 3, 1907, as agents for the collection of rents from certain properties of the said plaintiffs, known as the Wilmar apartments, located on Forbes street in the city of Pittsburg. The affidavits of defense show that the defendants were employed on or about February 1, 1906, and that the plaintiffs attempted to discharge them on June 3, 1907. On the latter date, the defendants rendered an account to the plaintiffs and delivered to them a check alleged to be for the net balance of all rents collected by the defendants up to that date. The declaration avers that the defendants were to receive as their compensation for collecting the rents a commission of five per centum on all rents collected by them in that behalf.

The fifth paragraph of the affidavit of defense, in our opinion, is quite important and it reads as follows: "That it was agreed between plaintiffs and the said firm of Byerly and Worthington, as renting agents, that the said renting agents were to receive a compensation for their services of five per centum upon the said rents and that a part of the services to be rendered by Byerly & Worthington to plaintiffs included the advertising for and

soliciting of tenants for the said apartment house." The affidavit of defense also avers that the defendants from on or about February 1, 1906, during the spring renting season, caused the building to be extensively advertised in newspapers, rent lists and by signs placed upon the building itself. It is further averred that in this behalf the defendants expended $332.25, which was a reasonable, proper and necessary amount for said advertising, and it is specifically averred, in the supplemental affidavit, that from time to time while tenants were being procured for the building, in the fall and winter of 1906, defendants reported to plaintiffs the progress of the leasing of the building and also acquainted plaintiffs with the expenditures which defendants were making for advertising, etc., in their efforts to rent the said building and that plaintiffs acquiesced and approved the said expenditures and urged defendants personally to make further expenditures for advertising, etc., in their efforts to find tenants for the building. Defendants further aver that although they had expended $332.25 in advertising and procuring tenants for plaintiffs' building, that upon June 3, 1907, they had only received in commissions from rents actually collected up to that date, $187.27, and that if the plaintiffs were legally entitled to discharge the defendants on June 3, 1907, and are entitled to have the present judgment sustained, then the defendants would suffer a net loss of $147.94, moneys expended for advertising by defendants for plaintiffs' benefit. And that in view of the fact that the actual money expended by defendants for advertising as aforesaid amounted to $332.25, which was a reasonable, proper and necessary amount for such advertising, and in view of the fact that the defendants expended their time and efforts in securing tenants for the said building, that a reasonable time for the existence of said employment had not elapsed on June 3, 1907, when plaintiffs sought to terminate the contract. It is also averred that upon August 1, 1906, said firm of Byerly & Worthington was dissolved and the business

thereof was taken over by Harvey R. Worthington and W. Harry Evans, partners, doing business as Harvey R. Worthington & Company, by whom the renting of the said Wilmar apartments was duly carried on. The affidavit further avers that at the time the renting of the said Wilmar apartments was placed with defendants nothing was said about the time over which the said employment would extend.

It will be noted that there is a marked difference between the plaintiffs' averment of the contract and that of the defendants. The former is that defendants' full compensation for their services was to be a commission of five per centum on all rents collected by them. But the defendants aver in the affidavit of defense and the supplemental affidavit that the defendants as renting agents were to receive as compensation for their services five per centum upon the said rents, and in the supplemental affidavit it is stated thus: "Under the contract of employment, the commission of defendants was to be five per centum of the rents due and payable under the several leases. Deponent avers that at the time of said employment there was and still is, a custom in the city of Pittsburg between landlords and their renting and collecting agents to pay the agents, for services in obtaining tenants and collecting rents, a commission of five per centum upon the rents due and payable under the several leases, and further, to allow the agent so procuring a tenant to collect the rents accruing under the lease during the term for which the agent has procured a tenant, unless good and satisfactory reason exist for the removal and discharge of such agent." The supplemental affidavit further avers in substance that the defendants gave no just cause or reason for their discharge on June 3, 1907.

Now, in our opinion, the defendants' version of the contract being clearly stated in the affidavit of defense to the effect that they were to have the collection of the rents and receive the commissions during the full term of the leases is so flatly in conflict with the plaintiffs' aver-

ment upon that question that the case must necessarily go to a jury.   The plaintiffs' version is very narrow, being simply that the defendants were to receive five per centum on all rents collected by them up to such time as the plaintiffs might elect to terminate the agency.   But the defendants pointedly aver that they were to receive five per centum upon the rents during the entire time for which they secured tenants for the plaintiffs and that they were not only to collect the rents but were to advertise, solicit and procure tenants for the plaintiffs' building and that they did do the latter with the consent and approbation of the plaintiffs.

The controlling point is what was the contract, and this is sharply in dispute, and, therefore, justice seems to require that a jury should pass upon this question.

In Jaekel v. Caldwell, 156 Pa. 266, it was held as stated in the syllabus: "An agent employed to sell land, whose authority has been revoked, may recover from his principal, upon a quantum meruit, the expenditures which he has been encouraged to make in effecting the sale, and compensation for his labor and time."

In Law v. Billington, 180 Pa. 84, it was held as stated in the syllabus: "Where a person in pursuance of an agreement procures purchasers in consideration of a certain commission upon the price of all articles sold to such purchasers, he is entitled to such commissions on sales made after a breach of the contract by his employer, until he commits some overt act in the interest of another employer for the purpose of taking from his former employer the customers whom he had obtained for him." While these cases are not precisely in point, yet we think, on principle, they apply closely to the present case.

We do not deem it necessary to pass upon the question of custom, which is raised in the affidavit of defense, because what we have already said requires a reversal of the judgment.

The first and second specifications of error are sustained and the judgment is reversed and a procedendo awarded.